David G. Baird and Mildred B. Baird v. Commissioner.
Baird v. Commissioner
Docket No. 5794-65.
United States Tax Court
T.C. Memo 1972-75; 1972 Tax Ct. Memo LEXIS 184; 31 T.C.M. (CCH) 299; T.C.M. (RIA) 72075; March 27, 1972, Filed. *184 Murray Gartner, 777 Third Ave., New York, N. Y., and Justin N. Feldman, for the petitioners. Rudolph J. Korbel, for the respondent. 300 TANNENWALD
Memorandum Opinion TANNENWALD, Judge: This case is before us again on remand from the United States Court of Appeals for the Third Circuit. We originally held that a purported large charitable contribution of shares of stock by an unrelated partnership to an exempt charitable foundation, with which petitioner and his family were intimately connected, was in fact compensation for services rendered by petitioner. . On appeal by the petitioner, the Court of Appeals concluded that our ultimate factual determination "appears to have been whether the shares were for past and future services rather than merely a finder's fee." (C.A. 3, 1971). On this basis, it vacated our decision and remanded the case on the ground that, in light of the position taken by respondent prior to and at the opening of the trial, the burden of proof upon petitioner encompassed only the question whether the shares constituted a finder's fee and that *185 respondent was required to assume the burden of proof that such shares constituted compensation for other services, past or future. The Court of Appeals summed up its position as follows: We conclude that the case must be remanded to the Tax Court to determine the case on the finder's fee theory, if the Commissioner desires to pursue that theory. If the Commissioner desires to pursue any additional theory of liability, his right to do so must be decided in the first instance by the Tax Court. In this proceeding, respondent has made no attempt to reopen the record for the purpose of taking additional testimony regarding the matters as to which the Court of Appeals has placed the burden of proof upon him or as to any other matter, nor has he argued that he has satisfied his burden on the basis of the existing record. Rather, he limits his position to the assertion that the record clearly reveals that the shares in question constituted a compensating finder's fee and should be taxable to the petitioner as such. On this basis, we confine ourselves to the issue thus presented. In so doing, we recognize that the Court of Appeals stipulated clearly that the burden of proof as to the *186 finder's fee issue remains with the petitioner (see ) and, indeed, petitioner concedes that this is the case. The Court of Appeals defined our task on this remand as follows (ibid.): Did the taxpayer carry his burden of producing evidence that could justify the conclusion that the presumption arising from the Commissioner's deficiency determination was overcome as it related to the finder's fee? When the taxpayer makes an evidentiary showing of "no income" based on competent and relevant credible evidence, * * * the Commissioner then has the burden of going forward with the evidence. * * * But the court is not bound to accept taxpayer's testimony at face value even when it is uncontradicted if it is improbable, unreasonable or questionable. * * * We find nothing in the record to cause us to augment or revise our prior findings of fact, insofar as the finder's fee issue is concerned, and we see no purpose to be served by regurgitating them herein. Nor do we think it useful to review or dissect the numerous cases dealing with the extent to which we may be bound by uncontradicted testimony of witnesses, interested or disinterested, on the ultimate issue *187 to be decided. Rather, we approach our decision on this remand within the parameters specified by the Court of Appeals, taking into account the admonition of Judge Frank in (C.A. 2, 1949): "The best and most accurate record is like a dehydrated peach; it has neither the substance nor the flavor of the fruit before it was dried." It resembles a pressed flower. A careful review of the record herein, against the backdrop of our clear recollection of the demeanor of the witnesses, reveals that Baird testified that he had nothing to do with the Albert-Bellanca negotiations and that no part of the shares was transferred to the Winfield Baird Foundation on his behalf. If this constituted all of petitioner's evidence, we would be strongly inclined to reject it as the testimony of an articulate and skillful but unconvincing interested witness - a course we are clearly entitled to pursue. See . But the testimony goes further. Schoeffer, who participated in the negotiations and received some Bellanca shares as compensation, testified that Baird never attended any meetings or conferences *188 during the course of the negotiations, that Baird's 301 name never came up in connection with finders' fees, that there was never any question about Baird having any part of a finder's fee, and that he knew of nobody, other than Hansell and himself, who received any finder's fee. Finally, respondent's withness, Hansell, who also participated in the negotiations and received some Bellanca shares as compensation, testified that he did not think that Baird attended any meetings with the Bellanca people and that, as far as he knew, Baird received no compensation in connection with the Albert-Bellanca transaction. Clearly, we also are not required to accept the Schoeffer and Hansell testimony as gospel, but neither can we ignore it. We think this latter inhibition is especially operative where, as is the case herein, there is little evidence to the contrary and that evidence is at best peripheral with respect to Baird's involvement in the negotiations. [1] Respondent would, in effect, have us reject all of the testimony as to the receipt by Baird of a finder's fee. This our judicial conscience will not permit us to do. *189 The long and short of it is that, within the confines of the remand and in light of respondent's failure to request the opportunity to submit additional evidence, we must conclude that petitioner has carried his burden of overcoming the presumption of the deficiency notice "as it relates to the finder's fee" (see ) and, in the absence of any further evidence from respondent on the narrow issue before us, has satisfied his burden of proof. We find ourselves unable, on the basis of the record herein, even to make an allocation of a part of the shares to a finder's fee for Baird, and, in any event, there has not been the slightest suggestion on respondent's part that we should attempt to do so. Decision will be entered for the petitioner. Footnotes
1. What contradictory evidence exists relates almost entirely to the broader aspects of compensation upon which our prior decision rested and which we are now precluded from using on such a broad basis under the mandate of the Court of Appeals.↩